UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

```
CECIL & DENISE DUNN,            )   Case No. 2:10-CV-03196 JAM-KJN
                                )
            Plaintiffs,         )   ORDER GRANTING DEFENDANT'S
                                )   MOTION TO DISMISS
     v.                         )
                                )
GMAC MORTGAGE, LLC, DOES 1-50   )
                                )
            Defendants.         )
                                )
```

This matter comes before the Court on Defendant GMAC Mortgage, LLC's ("Defendant") Motion to Dismiss (Doc. #5) the Complaint (Doc. #1) filed by Plaintiffs Cecil and Denise Dunn ("Plaintiffs"). Plaintiffs oppose the motion.[1]

I.    FACTUAL AND PROCEDURAL BACKGROUND

In October 2006, Plaintiffs received an option arm loan from Residential Mortgage Capital, a California corporation. Unlike a home loan that requires monthly repayment of principal and interest at a current interest rate, these loans permit

---

[1] These motions were determined to be suitable for decision without oral argument. E. D. Cal. L. R. 230(g).  The hearing was scheduled for February 9, 2011.

1

borrowers to make a "Minimum Payment."  Plaintiffs allege that the Minimum Payment is generally insufficient to cover the "interest due" each month under the Note resulting in negative amortization.  Plaintiffs allege that the effects of negative amortization are that (1) it increases the borrower's indebtedness to the lender and (2) it increases the borrower's interest payment each month as the interest due is based upon the increased loan balance.

Under the Deed of Trust ("DOT") used by Plaintiffs' lender and subsequent loan servicers such as GMAC, Plaintiffs are required to make a monthly payment.  Plaintiffs allege that these loan documents are on industry standard forms lenders require borrowers to use.  Plaintiffs allege that industry practice does not allow borrowers an opportunity to make changes to these documents – they are presented on a "take it or leave it" basis.

Plaintiffs allege that Section 2 of the DOT provides how the payments will be applied in the order of priority: (a) interest due under the Note; (b) principal due under the Note; and (c) amounts due under Section 3.  Section 3 of the DOT requires an escrow account.  Plaintiffs allege that the minimum monthly amount due under the loan documents was the minimum payment under the Note plus the additional amount for escrow.

Plaintiffs allege that contrary to the explicit terms of the Security Instrument, Defendant applied portions of the payments to the escrow account before satisfying the interest due under the Note.  As a result of the alleged breach of the Security Instrument, the remaining unpaid monthly interest due

on the Note was added to the principal balance, resulting in increased negative amortization. This negative amortization caused an increase in principal balances and interest payments for the remaining payment periods. Plaintiffs allege that despite the consistent increase in principal and interest costs, the escrow account remained paid in full at all times if the borrower made minimum payments. Plaintiffs allege that by this breach of the Note, Defendant improperly charged them interest.

Plaintiffs allege that Defendant cannot negatively amortize the loan for unpaid interest until it first applies all of the payment it receives to the interest due. Plaintiffs argue that if there is a shortfall to the escrow account, the servicer must follow the procedures set forth in the Real Estate Settlement Procedures Act to recover the shortfall.

Plaintiffs filed this action as a class action, pursuant to California Code of Civil Procedure § 382, in the Superior Court in the County of Solano. The Complaint alleges four causes of action: (1) Breach of Contract; (2) Violation of California Business & Professions Code ("UCL") § 17200; (3) Violation of the Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1750; and (4) Unjust Enrichment. The case was removed to this Court pursuant to 28 U.S.C. § 1453(b) on November 29, 2010.

II.   OPINION

A.   <u>Legal Standard</u>

1.   <u>Motion to Dismiss</u>

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal

3

Rules of Civil Procedure section 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1975), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rules of Civil Procedure § 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.   Claims for Relief

1.   Loan Agreement Interpretation

Defendant argues that all four of Plaintiffs' claims, breach of contract, violation of the UCL, violation of CLRA, and unjust enrichment are based on Plaintiffs' flawed contract interpretation and can be dismissed as a matter of law.

Specifically, Defendant contends that Plaintiffs have misread their loan agreement and Plaintiffs' interpretation of their promissory note and Sections 2 and 3 of their Deed of Trust ("DOT") must be rejected under the well-establish rules of contract construction.  Defendant avers that contrary to Plaintiffs' arguments, Section 2 does not require application of all payments to interest until all accruing interest is fully paid.  Rather,  it directs that payments first be applied to the amount of interest that is due under the Note, i.e. interest that has "reached the date at which payment is required" and then to amounts due under Section 3, i.e. escrow items. Defendant also argues that Plaintiffs' interpretation of Section 2 must be rejected because it would create untoward results.

    Plaintiffs counter that the Court should interpret the contract in such a manner as to find that the terms "Minimum Payment" and "interest due" are used to describe different amounts.  Under Plaintiffs' theory, interest due under the Note includes all accrued interest, even that portion of the accrued interest that Plaintiffs were under no present obligation to pay, i.e. the amount of accrued interest in excess of the minimum payment due. Plaintiffs also argue that the loan documents comprise a contract of adhesion and any ambiguity must be construed against the drafter, i.e. the Defendant.

    "It is solely a judicial function to interpret a written contract unless the interpretation turns upon the credibility of extrinsic evidence, even when conflicting inferences may be drawn from unconverted evidence."  Hess v. Ford Motor Co., 27 Cal.4th 516, 527 (Cal. 2002) (internal quotation marks omitted).

1  "The fact that a term is not defined in the [contract] does not
2  make it ambiguous.  Nor does [d]isagreement concerning the
3  meaning of a phrase, or the fact that a word or phrase isolated
4  from its context is susceptible of more than one meaning."
5  Muzzi v. Bel Air Mart, 171 Cal.App.4th 456, 462-63 (Cal. Ct.
6  App. 3d 2009) (internal quotation marks omitted).  "[L]anguage
7  in a contract must be construed in the context of that
8  instrument as a whole, and in the circumstances of that case,
9  and cannot be found to be ambiguous in the abstract."  Powerline
10 Oil Co., Inc. v. Superior Court, 37 Cal.4th 377, 391 (Cal. 2005)
11 (internal quotation marks omitted).  "If a contract is capable
12 of two constructions[,] courts are bound to give such an
13 interpretation as will make it lawful, operative, definite,
14 reasonable and capable of being carried into effect. . . ."
15 Edwards v. Arthur Andersen LLP, 44 Cal.4th 937, 953-54 (Cal.
16 2008).
17      The Court has reviewed the loan documents (Doc. #1, Exhs.
18 A&B) and finds that Defendant's interpretation is the only
19 lawful and reasonable interpretation of the documents.  The
20 rules of contract interpretation require that Section 2 of the
21 DOT be construed in a manner that allows Plaintiffs to perform
22 their obligation to pay for Escrow Items under Section 3 of the
23 DOT while still enjoying their right to pay only the minimum
24 payment due under the Note.  Plaintiffs' interpretation would
25 lead to an absurd result in which no borrower payment could ever
26 be applied to the Escrow Items despite the borrower's promise to
27 pay for those items on a monthly basis throughout the loan term.
28 It would also prevent Defendant from negatively amortizing the

loan for unpaid interest until it first applied "all" of the payment it receives to interest due, even though Plaintiffs acknowledge that they knew that negative amortization would occur under the terms of this loan if they only made the minimum payment due.  Additionally, Plaintiffs' interpretation would nonsensically require the lender to advance its own money to pay the Escrow Items, thereby lending the borrower additional sums – at no interest – with no additional security, and for the entire time any interest or principal remain owing and unpaid.

    While Plaintiffs seize on the one exception in Section 3(C) of the Note that arguably uses the term "interest due" inconsistently from the rest of the loan documents, the Court finds that this is not a reasonable or legally defensible method of interpreting the loan documents.  The same meaning rule is an aid to interpretation but when, as in this case, the contract's other provisions demonstrate the word is used in a different sense, the same meaning rule must be disregarded in order to achieve the fundamental goal of contract interpretation and give effect to the parties' mutual intention.  In construing the loan documents in this case as a whole, including all the provisions that contain the word "due" or the term "interest due", the Court finds that the parties intended the word "due" to mean "owing and payable", not simply "owed", or "constituting a debt" though not yet payable.  The Court agrees with Defendant's argument that Plaintiff's interpretation would render several provisions of the loan documents meaningless or irrevelent as well as impose harsh and inequitable consequences on both parties.  The Court must avoid an interpretation which will make

a contract extraordinary, harsh, unjust, or inequitable. Citizens for Goleta Valley v. HT Santa Barbara, 117 Cal.App.4th 1073, 1076 (Cal. App. Ct. 2d 2004). Instead, a "construction, equally consistent with the language employed [that] would make [the contract] reasonable, fair and just . . . must prevail." Chinn v. KMR Property Management, 166 Cal.App.4th 175, 184 (Cal. App. Ct. 2d 2008). Defendant's construction gives full effect to all of the loan documents' provisions throughout the life of the loan and makes those agreements reasonable, fair, and just. Accordingly, Defendant's construction prevails and Defendant's Motion to Dismiss is GRANTED WITH PREJUDICE.

### 2. Consumers Legal Remedies Act

With respect to Plaintiffs' third cause of action under the Consumers Legal Remedies Act ("CLRA"), Defendant raises an additional ground in support of its argument that Plaintiffs have failed to state a claim. Defendant contends that Plaintiffs fail to allege a transaction to which CLRA applies and Plaintiffs have not stated a claim because the Complaint does not allege any facts showing that Defendant committed any of the practices forbidden by California Civil Code section 1750. Plaintiffs do not oppose Defendant's arguments. Having considered the merits of this argument, the Court finds that the CLRA does not apply to Option Arm Loan agreements and Defendant's Motion to Dismiss the CLRA claim on this additional ground is GRANTED WITH PREJUDICE.

### 3. Punitive Damages

Plaintiffs pray for punitive damages pursuant to California Civil Code § 3294 ("section 3294") under the unjust enrichment claim and in paragraph D of their prayer for relief. Defendant

argues that Plaintiffs allege no facts supporting their prayer for punitive damages because the Complaint does not allege fraud and Plaintiffs must prove that Defendant had a subjective awareness of the illegality of its conduct and the probable harmful consequences to Plaintiffs.  Defendant's request to dismiss the punitive damage claim is moot and need not be decided by this Court.

## III. ORDER

For the reasons set forth above,

Defendant's Motion to Dismiss the Complaint is GRANTED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: March 25, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE